UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | : | CRIMINAL CASE NO. |
| | : | 3:16-CR-00148 (VLB) |
| v. | : | |
| | : | |
| EDWARD KOSINSKI | : | October 31, 2017 |

## MEMORANDUM OF DECISION GRANTING IN PART AND DENYING IN PART MOTIONS IN LIMINE

I.  **Introduction**

On August 3, 2016, a federal grand jury sitting in New Haven, Connecticut returned an indictment against Defendant Edward Kosinski charging him with two counts of Insider Trading in violation of 17 C.F.R. Section 240.10b-5 and 15 U.S.C. Sections 78j(b) and 78ff. [Dkt. 1 (Indictment).] On September 26, 2017, the Defendant filed two motions in limine challenging two categories of evidence offered for trial. [Dkt. Nos. 40, 43]. These categories include (1) evidence of Defendant's alleged regulatory violation and (2) expert testimony by lay witnesses. Also on September 26, 2017, the Government filed one motion in limine challenging two categories of evidence: (1) evidence that the Government engaged in "selective prosecution;" and (2) evidence of Defendant's prior "good acts," character, reputation, and personal background.[1] [Dkt. 46.] For the reasons that follow, Defendant's motion to exclude evidence of regulatory violations is DENIED as moot, Defendant's motion to exclude expert testimony is

---

[1] The Government breaks this second category of evidence into two categories: prior good acts, which also includes a discussion of character and reputation evidence, and personal background. The Court discusses these types of evidence together, as they implicate the same rules of evidence.

1

DENIED without prejudice, the Government's motion to exclude evidence of selective prosecution is GRANTED, and the Government's motion to exclude evidence of prior good acts, character, reputation, and personal background is GRANTED in part and DENIED in part.

II. Standard of Review

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal citations omitted). "A motion *in limine* to preclude evidence calls on the court to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence." *Highland Capital Management, L.P. v. Schneider*, 379 F. Supp. 2d 461, 470 (S.D.N.Y. 2005) (internal citations omitted). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Id.* "A district court's *in limine* ruling 'is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the . . . proffer.'" *Id.* (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984)).

III. Defendant's Alleged Regulatory Violation

Defendant moves to exclude as irrelevant evidence that he violated certain regulations by not promptly disclosing his investments with Regado. [Dkt. 40.] The Government responds that such evidence is relevant to the offenses of

indictment because it "tends to show the defendant's awareness that his insider trading was wrongful and needed to be concealed." [Dkt. 50 at 2.]

The Court ordered the Government to supplement its briefing stating what facts support its conclusion that Defendant committed a regulatory violation and citing the regulations violated. [Dkt. 53.] The parties indicated in their supplemental briefing, and confirmed at the October 24, 2017 hearing, that they agree upon the admissibility of the two financial forms the Government seeks to offer (Dkt. 54-1 at CF 006958-59) and will not offer the accompanying email correspondence into evidence (Dkt. 54-1 at CF 006956-57). Defendant's motion is accordingly DENIED as moot.

IV. <u>Expert Testimony by Lay Witnesses</u>

Defendant moves to preclude lay witness testimony regarding (i) the significance of trading volume in a stock, (ii) financial instruments, including stocks, put options, and other derivative securities, (iii) NASDAQ, (iv) broker-dealers and brokerage accounts, (v) the financial disclosures required by 21 C.F.R. 54.4(b), (vi) the nomenclature used in clinical trials, and (vii) allergic reactions in clinical trials. [Dkt. 43 at 1-2.] Defendant asserts these topics are outside the scope of Federal Rule of Evidence 701 and are instead proper for an expert witness, which the Government has not disclosed as requiredd. *Id.*

The Government responds that the intended testimony is proper lay witness testimony, as it will merely "summarize voluminous records concerning Regado stock and the defendant's trading habits" and provide a "fact-based summary of the defendant's trading and the trading that occurred in Regado

3

stock." [Dkt. 49 at 5.] This summary will include defining "basic terms that are in common use, but that may not be completely understood by the jury (e.g. 'stock,' 'option,' 'put,' 'stock market,' 'trading volume,' 'NASDAQ,' 'brokerage account,' and similar terms)." In addition, the Government states it will elicit "facts that [lay] witnesses learned through their involvement in the REG1 clinical trial." *Id.* at 6. At the October 24, 2017 hearing, the Government clarified it intends to call lay witnesses to testify about their experience as professionals working on the Regado trial. The witnesses would define terms used in clinical trials, such as "phase two" and "risk mapping," only insofar as they would explain the Regado trial to the jury.

Opinion testimony by lay witnesses is only admissible if (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. By contrast, a "witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if . . . the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue . . ." Fed. R. Evid. 702(a).

The Second Circuit has expounded upon the distinction between lay and expert testimony: [t]he fact that [a witness] has specialized knowledge, or that he carried out [an] investigation because of that knowledge, does not preclude him from testifying [as a lay witness], so long as the testimony [is] based on the

4

investigation and reflect[s] his investigatory findings and conclusions, and [is] not rooted exclusively in his expertise." *Bank of China, N.Y. Branch v. NBM LLC*, 359 F.3d 171, 181 (2d Cir. 2004). Conversely, a lay witness may not testify "regarding typical . . . transactions or definitions of . . . terms, [or] any conclusions that he made that were not a result of his investigation." *Id*. at 182.

Federal Rule of Criminal Procedure 16(a)(1)(G) governs expert witnesses. It provides:

> [a]t the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under subdivision (b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Thus, if the testimony the Government intends to offer is rooted exclusively in the witness's expertise as opposed to his or her investigatory findings and conclusions, the Government cannot introduce the testimony without first giving the Defendant the disclosure described in Rule 16(a)(1)(G).

At the October 24, 2017 hearing, the Court ordered the parties to meet and confer to determine whether the proposed testimony consists of background facts not in dispute rather than potentially objectionable subjects. Defendant's motion to exclude improper lay witness testimony is DENIED without prejudice to refiling after the parties have conferred, specifying the allegedly objectionable intended testimony.

5

V. <u>**Selective Prosecution**</u>

The Government moves to preclude Defendant from offering evidence of selective prosecution in order to "portray the prosecution as overzealous" in this case. [Dkt. 46 at 2.] Defendant responds that while he does plan to offer evidence that other similarly situated individuals have not been prosecuted, he does not intend to do so to establish selective prosecution. [Dkt. 48 at 4.] Rather, Defendant asserts he offers such evidence to establish that his conduct "does not, in fact, constitute criminal insider-trading." *Id.*

Evidence "is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence that the Government did or did not prosecute another individual for insider trading has no bearing on any fact of consequence in determining this action. The Government determines whether to prosecute individuals based on more considerations than solely whether the person's actions constitute a crime. For example, such decisions depend on the resources available at that time, current Department of Justice policy, and the evidence available. Defendant's argument that because others who have acted similarly were not prosecuted, he must not be guilty, is not logically sound. Defendant has failed to establish that his proposed evidence is relevant and admissible under Federal Rule of Evidence 401.

Further, even if Defendant agreed with the Government's assertion that his proposed evidence amounts to a selective prosecution defense, it would still be inadmissible. A "defendant who advances a claim of selective prosecution must

do so in pretrial proceedings." *United States v. Sun Myung Moon*, 718 F.2d 1210, 1229 (2d Cir. 1983) (citing *United States v. Taylor* 562 F.2d 1345, 1356 (2d Cir.)). The person asserting such a claim bears the burden of establishing *prima facie* both:

> (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.

*Id*. Defendant concedes he has not established the elements of selective prosecution. [Dkt. 48 at 4.]

Accordingly, the Government's motion to exclude evidence of selective prosecution is GRANTED. Further, Defendant is precluded from offering evidence that other similarly situated individuals were not prosecuted to establish his own innocence.

### VI. Prior Good Acts, Character, Reputation, and Other Personal Background

The Government also seeks to exclude as irrelevant evidence of Defendant's personal life, including evidence of his prior good acts, testimony regarding his character or reputation, and his personal background. [Dkt. 46 at 6.] Defendant asserts the disputed evidence is relevant and admissible under Rule 404. [Dkt. 48 at 6.] The Court discusses the admissibility of evidence regarding prior good acts, character and reputation, and background information in turn below.

7

### a. Prior Good Acts

The Government does not list specific prior good acts which should be precluded, nor does Defendant specify prior good acts it seeks to admit. In general, Federal Rule of Evidence 405(b) allows evidence of "relevant specific instances of [a] person's conduct" where the "person's character or character trait is an essential element of a charge, claim, or defense." The Court discussed the elements of Defendant's crimes of indictment in its Order on Defendant's Motion to Dismiss. [Dkt. 35.] As stated therein, Defendant's character is not an "essential element" of the insider trading crimes for which he was indicted Defendant has not offered anything to call that conclusion into question. Accordingly, evidence of "specific instances" of his conduct is accordingly prohibited. The Government's motion to preclude evidence of Defendant's prior good acts is GRANTED.

### b. Character and Reputation Evidence

The Government seeks to preclude evidence "regarding the defendant's reputation as a cardiologist who 'saves' people's lives." [Dkt. 46 at 6.] Defendant does not confirm whether he intends to offer such evidence at trial, but generally asserts his right to offer character or reputation evidence. [Dkt. 48 at 5-6.]

Federal Rules of Evidence 404(a)(2)(A) and 405(a) allow a criminal defendant to offer "evidence of [his] pertinent trait" through reputation or opinion testimony and on cross examination the Court may allow inquiry into relevant specific instances of the defendant's conduct. For example, in *United States v. Han*, 230 F.3d 560, 564 (2d Cir. 2000), the trial court precluded testimony about a

defendant's reputation for "uprightness" and "unwillingness to exploit others" in a case alleging sexual misconduct.  The Second Circuit overturned the district court, and explained that the relevancy threshold in the context of Rule 404 is "lower . . . than that applicable to other evidence" and need not be expected to "prove helpful" to the defense.  *Id.* at 564.  Rather, the justification for allowing reputation or opinion evidence is "based on notions of fairness rather than logic."  *Id.* Fairness dictates that "the defendant who, with the considerable forces of the government arrayed against him and who may have little more than his good name to defend himself, should not be precluded from presenting even such minimally probative evidence."  *Id.*

The Supreme Court also discussed the notion that a criminal defendant may introduce reputation or opinion-based character evidence in *Michelson v. United States*, 335 U.S. 469, 474 (1948).  In *Michelson*, the Supreme Court upheld the trial court's decision to allow character evidence as to "honesty and truthfulness" and "being a law abiding citizen" in a case alleging bribery of a federal revenue agent.  The Supreme Court emphasized that a defendant "may introduce affirmative testimony that the general estimate of his character is so favorable that the jury may infer that he would not be likely to commit the offense charged."  *Id.*

However, a defendant is not entitled to offer an endless stream of character witnesses.  The Second Circuit has upheld trial courts that excluded reputation or opinion-based character evidence under Rule 403.  For example, in *United States v. Riley*, 638 F. App'x 56, 64 (2d Cir. 2016), the trial court allowed defense

9

witnesses to testify about the defendant's reputation for truthfulness, honesty, and secret keeping, but prohibited them from testifying about "foundational evidence that explained how they could speak with authority on the opinions expressed." *Id.* at 65. The Second Circuit found that such evidence likely concerned specific instances of conduct barred by Rule 405. *Id.* However, the Court also noted that even "[t]o the extent that any excluded testimony could not be characterized as describing specific instances of conforming conduct, the district court acted well within its authority under Federal Rule of Evidence 403 in concluding that the probative value of such evidence was substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time." *Id.*

In light of the Second Circuit's repeated admission of character and reputational evidence which does not extend beyond the scope of Federal Rules of Evidence 401 and 403, the Court DENIES the Government's motion to exclude reputation or opinion testimony. However, this denial is without prejudice to renewing the Government's objection if Defendant seeks to admit testimony which is irrelevant or risks unfair prejudice, confusion of the issues, misleading the jury, or wasting time.

c. <u>Personal Background</u>

Finally, the Government moves to exclude evidence of Defendant's "family background, age or any damage the defendant has suffered to his reputation or other interests since his arrest." [Dkt. 46 at 6.] Defendant specifically asserts he should be allowed to offer evidence of his profession as a cardiologist because

"[t]he fact that Dr. Kosinski is a trained cardiologist, and not a corporate insider sensitized to the contours of insider trading restrictions, is relevant to the issue of willfulness." [Dkt. 48 at 7.] Defendant also asserts his duty to his patients as a cardiologist is mutually exclusive with the duty to Regado Bioscience required under the misappropriation theory of insider trading. *Id*. Defendant also asserts evidence of his background would be relevant if he chose to testify. [Dkt. 48 at 7-8.]

Courts have "wide discretion concerning the admissibility of background evidence" such as information about a defendant's career or education. *United States v. Blackwell*, 853 F.2d 86, 88 (2d Cir. 1988). Consistent with that discretion, a Court may limit the introduction of background evidence which is not relevant under Federal Rule of Evidence 401 or which risks unfair prejudice, confusing the issues, misleading the jury, or wasting time under Federal Rule of Evidence 403.

Defendant's assertion that his profession is relevant because his duty to his patients is mutually exclusive with the duty required under the misappropriation theory of liability is a non sequitur. The Court fails to see how exploiting information to the detriment of the investing public at large in any way affects a physician's duty to do no harm to his or her own individual patient. Rather, Defendant's duty to Regado to maintain information about the drug trial in confidence would further the goal of preserving the legitimacy of the drug trial. Regardless, the drug trial was halted at the time the Defendant is alleged to have committed insider trading. Nothing Defendant is charged with doing would pose a health risk to any of his patients or the patients of any other physician, to whom

he personally owed no duty. Similarly, Defendant has failed to establish that his position as a cardiologist is relevant or admissible under Federal Rule of Evidence 401. The Government's motion to exclude personal background information concerning Defendant's career is GRANTED.

However, if Defendant chooses to testify at trial, limited testimony about his personal background may be elicited and is "routinely admitted without objection" to tell "the jury something about the defendant as a person, and his experience in life." *Blackwell*, 853 F.2d at 88. The Government's motion to exclude general personal background such as the Defendant's age, basic information about his employment, and family background is DENIED without prejudice to renewing the motion if Defendant attempts to elicit personal information outside the scope of Federal Rules of Evidence 401 and 403.

VII. <u>Conclusion</u>

For the foregoing reasons:

1. Defendant's Motion in Limine to prohibit evidence of his alleged regulatory violation [Dkt. No. 40] is DENIED as moot.

2. Defendant's Motion in Limine to preclude expert testimony by lay witnesses [Dkt. No. 43] is DENIED without prejudice.

3. The Government's Motion in Limine to preclude evidence of selective prosecution [Dkt. No. 46] is GRANTED.

4. The Government's Motion in Limine to preclude evidence of Defendant's prior good acts, character, reputation, and personal background [Dkt. No. 46] is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

      /s/

**Hon. Vanessa L. Bryant**
**United States District Judge**

Dated at Hartford, Connecticut: October 31, 2017