UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | No. 3:16-CR-00148 (VLB) |
| v. | : | |
| | : | |
| EDWARD J. KOSINSKI | : | DECEMBER 10, 2020 |
| | : | |
| | : | |
| | : | |
| | : | |

**ORDER DENYING DEFENDANT'S MOTION TO MODIFY SENTENCE, [ECF NO. 139]**

Before the Court is Defendant's Motion to Modify Sentence. [ECF No. 139]. Defendant asks the Court to "to modify his six-month jail term to a sentence of home confinement followed by a term of supervised release," [ECF No. 139 at 1], because "his age (73) and pre-existing medical conditions present 'extraordinary and compelling circumstances' that warrant modification in light of the worsening COVID-19 pandemic." *Id.* Defendant's pre-existing medical conditions are asthma and obesity. *Id.*

In November 2017, after a five-day trial, a jury convicted Defendant of two counts of securities fraud under U.S.C. §§ 78j(b) and 78ff. [ECF No. 77]. The Court then denied Defendant's motion for judgment of acquittal and for a new trial, [ECF No. 98], and sentenced him to six months' imprisonment and a $500,000 fine in September 2018. [ECF No. 118]. The Court stated that it imposed the sentence based on several factors including Defendant's age, "lack of any criminal history,"

1

"his compassion and caring for his patients," "his support for the foundation and other institutions for the hospital." [ECF No. 135 at 80]. But the Court also noted that that even after consideration of these factors, it believed "that a sentence of incarceration is required." *Id.* The Court then granted Defendant bond while he appealed his conviction. [ECF No. 124].

The Second Circuit affirmed Defendant's conviction on September 22, 2020 and issued its Mandate on October 30, 2020. [ECF No. 136].

On November 24, 2020, Defendant filed this motion asking the Court to modify his sentence from six months' incarceration to home confinement pursuant to 18 U.C.S. 18 U.S.C. § 3582(c)(1)(A)(i) on the basis that Defendant's personal circumstances constitute "extraordinary and compelling" reasons to reduce his sentence.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed'; but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (citations omitted) (quoting 18 U.S.C. § 3582(c)). The statute providing for the finality of a criminal judgment contains a narrow exception to provide for re-sentencing for compassionate release. 18 U.S.C. § 3582(c)(1)(A).

Section 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> [T]he court ... upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days

> from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

In *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020), the Second Circuit held that district courts may consider "…the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release," and not just those delineated by the U.S. Sentencing Commission's policy statement because of First Step Act of 2018, Section 603(b), Pub. L. 115-391, 132 Stat. 5194 (2018) (amending 18 U.S.C. § 3582(c)(1)(A)).

The Court has considered the "full slate" of reasons advanced by the Defendant and finds that they are neither "extraordinary" nor "compelling." "The Bureau of Prisons ("BOP") shall designate the place of the prisoner's imprisonment…" considering factors set forth by statute.  18 U.S.C. § 3621(b).  In doing so, the BOP considers the medical needs of a defendant and anticipates the care level they may require.  *See Care Level Classification for Medical and Mental Health Conditions or Disabilities*, Bureau of Prisons, https://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (updated May 2019).

The Defendant's motion asks the Court to speculate about the conditions that the Defendant would at face in the future at a facility to be determined; the Court declines to do so.  The Court's review of this week's COVID-19 status at BOP facilities indicates that 68 BOP facilities have never had an inmate contract COVID-19.  *See* https://www.bop.gov/coronavirus/index.jsp.  Six of these COVID-free facilities are in either New York or New England.  *Id.*  Additionally, it is the Court's experience that BOP has done a credible job of keeping the COVID-19 virus well contained at its facilities that do experience positive tests among inmates.  The Court has no basis to conclude that the BOP would not appropriately balance its statutory charge of executing the Defendant's sentence with its obligation to provide constitutionally sufficient healthcare and address Defendant's correctional needs.  The Court also notes that the BOP's facilities vary significantly in size and structure and experience with managing the pandemic.

The Court has considered the remainder of the issues raised by the Defendant, including those concerning his familial needs addressed in Defendant's sealed filings, and finds them without merit.  None of the changes in his personal or familial circumstances shift the balance of the § 3553(a) sentencing factors in favor of the Defendant's proposed modification.  In other words, if the Court were to sentence Defendant today, it would impose the same sentence announced in September 2018.

The Defendant shall self-surrender directly to the facility designated by the Federal Bureau of Prisons no later than 12:00 pm on March 31, 2021, under his own power and at his own expense.  In the event the Defendant does not receive

designation by the Bureau of Prisons prior to the surrender date, the Defendant must self-surrender to the United States Marshals Service by noon on March 31, 2021.  The Court is confident that prior to reporting on that date as directed Defendant will be able, based on his age, to avail himself of the COVID-19 vaccine, which recent test results indicate is safe and highly effective at preventing COVID-19 infection.

The Court hereby denies Defendant's Motion to Modify his Sentence.  [ECF No. 139].  The Court vacates its Order, [ECF No. 132], granting Defendant's Motion to Continue Bond Pending Appeal, as of Defendant's self-surrender date.

        IT IS SO ORDERED

        _____/s/_____

        Hon. Vanessa L. Bryant
        United States District Judge

Dated at Hartford, Connecticut: December 10, 2020